**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WIGBERTO OSORIO,

                         Petitioner,                    9:21-cv-708 (BKS/TWD)

v.

SUPT. JOHNSON,

                         Respondent.

---

**Appearances:**

*Petitioner pro se:*
Wigberto Osorio
17-B-1928
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

*For Respondent:*
Letitia James
Attorney General for the State of New York
Priscilla I. Steward
Assistant Attorney General
28 Liberty Street
New York, New York 10005

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

On May 20, 2021, Petitioner pro se Wigberto Osorio, a New York State inmate, filed a

petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On December

23, 2021, Respondent filed a response accompanied by the state-court records related to the

matter. (Dkt. Nos. 10–11.) Petitioner filed a reply on January 24, 2022. (Dkt. No. 13.) This

matter was assigned to United States Magistrate Judge Thérèse Wiley Dancks who, on

November 3, 2023, issued a Report-Recommendation and Order recommending that the petition be denied and dismissed. (Dkt. No. 14.) Magistrate Judge Dancks advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 14, at 25.)

Petitioner filed objections to the Report-Recommendation, (Dkt. No. 15), and requested an extension of time to file additional objections, (Dkt. No. 16). On November 28, 2023, the Court issued an order providing Petitioner with one additional opportunity to submit objections to the Court, (Dkt. No. 15), but nothing further was submitted by Petitioner. Respondent filed a response to Petitioner's objections. (Dkt. No. 17.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    DISCUSSION

On May 3, 2017, Petitioner was convicted, following a jury trial, of murder in the second degree; assault in the first degree; attempted kidnapping in the second degree; gang assault in the first degree; and criminal possession of a weapon in the third degree. (Dkt. No. 11, at 14; Dkt. No. 14, at 1–2.) Petitioner received an aggregate prison term of twenty-five years to life. (Dkt. No. 11, at 14; Dkt. No. 14, at 2.) The Appellate Division, Fourth Department, affirmed Petitioner's conviction on January 31, 2020, and the Court of Appeals denied leave to appeal on April 27, 2020. (Dkt. No. 11-1, at 353–54; 367; Dkt. No. 14, at 2.)

Petitioner subsequently filed a pro se coram nobis motion alleging he was denied effective assistance of appellate counsel. (Dkt. No. 11-1, at 368–84; Dkt. No. 14, at 10.) The Appellate Division, Fourth Department, denied the motion on April 30, 2021. (Dkt. No. 11-1, at 586; Dkt. No. 14, at 10.) Petitioner did not seek leave to appeal denial of the motion to the New York Court of Appeals. (Dkt. No. 14, at 10.)

The petition presently before the Court asserts three grounds for habeas corpus relief under 28 U.S.C. § 2254. (Dkt. No. 1.) Specifically, Petitioner argues that: (1) he was denied effective assistance of counsel at the trial and appellate levels; (2) he is actually innocent of the crimes of which he was convicted; and (3) the indictment was defective because of false testimony of two prosecution witnesses before the grand jury. (Dkt. No. 1 at 6, 8, 9.) After carefully considering each of these claims, Magistrate Judge Dancks recommended that the

petition be denied. (Dkt. No. 14.) The Court assumes familiarity with the Report-Recommendation and the facts underlying the petition as summarized in the Report-Recommendation and considers Petitioner's objections in the context of each asserted ground for relief in turn.

### A.      Ineffective Assistance of Counsel

Petitioner argues he is entitled to habeas relief because he was denied effective assistance of trial and appellate counsel. (Dkt. No. 1 at 6.) Magistrate Judge Dancks indicated that Petitioner did "not specify how his trial and appellate counsel were ineffective in his habeas petition" but concluded that "it appears he is basing the claims on the same grounds as his coram nobis motion," in which Petitioner "argued appellate counsel was ineffective for failing to assert (1) trial counsel was ineffective for overlooking 'numerous issues of violated law related to the prosecution[']s key witnesses, recanting their factual events that pointed to [Petitioner's] participation and guilt in this assault and murder of the crime victim'; (2) false testimony at the Grand Jury proceedings was prejudicial to Petitioner; (3) the witnesses were 'incredible on its face' and gave false testimony; and (4) the 'evidence is severely circumstantial and a claim of actual innocence should have been preserved and/or mentioned in the interest of justice.'" (Dkt. No. 14, at 18–19 (alteration in original) (quoting Dkt. No. 11-1, at 381–83).) Magistrate Judge Dancks concluded that Petitioner's ineffective assistance of trial and appellate counsel claims are unexhausted. (Dkt. No. 14, at 19–20.) Specifically, Magistrate Judge Dancks found that Petitioner failed to exhaust his claim for ineffective assistance of appellate counsel because Petitioner did not appeal the Appellate Division's denial of his motion for a writ of error coram nobis to the Court of Appeals, and Petitioner failed to exhaust his claim for ineffective assistance of trial counsel by only "indirectly rais[ing] his ineffective assistance of trial counsel claim in state court through his coram nobis motion where he alleged *appellate* counsel had been

ineffective for failing to raise the instances of alleged ineffectiveness by trial counsel." (*Id.*) Moreover, Magistrate Judge Dancks found that, even if Petitioner's ineffective assistance of counsel claims had been exhausted, neither the conduct of Petitioner's trial counsel nor the conduct of Petitioner's appellate counsel was deficient under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984), because Petitioner's trial counsel "twice moved to dismiss the indictment as defective due to Osorio's and Sanchez's false testimony at the Grand Jury proceedings" and "vigorously cross-examined Sanchez and Osorio at trial about their false testimony and argued at summation that the jury should not credit these witnesses' accounts" and because Petitioner's appellate counsel made certain arguments Petitioner asserted should have been made while the other arguments Petitioner asserted should have been made were not proper bases for appeal. (Dkt. No. 14, at 21–24.)

Petitioner does not object to Magistrate Judge Dancks's determination that Petitioner's ineffective assistance of counsel claims are not exhausted. Petitioner does, however, request that "this Court deem the Error Coram Nobis Exhausted" because Petitioner was misinformed about the appealability of the denial of a motion for a writ of error coram nobis[1] and argues that review is proper under the fundamental miscarriage of justice standard. (Dkt. No. 15, at 1–2.)

Procedurally defaulted habeas claims may be reviewed upon a showing of "cause for the default and prejudice . . . [or] that failure to consider the claim will result in a miscarriage of

---

[1] Petitioner argues that a 2000 resource caused him not to file an appeal because "he was instructed it could not be done." (Dkt. No. 15, at 1). Petitioner correctly points out that, the fifth edition of *A Jailhouse Lawyer's Manual* prepared by the Columbia Human Rights Law Review, indicates that "a court's denial of [a] *coram nobis* motion cannot be appealed to a higher court," *see* Columbia Human Rights Law Review, *A Jailhouse Lawyer's Manual* 179 & n.12 (5th ed. 2000) (citing *People v. Adams*, 82 N.Y.2d 773, 773 (1993)). That proposition, however, is outdated. In 2002, New York criminal procedure law was amended to authorize appeals, by permission, to the New York Court of Appeals "from appellate orders granting or denying coram nobis relief based on claims of ineffective assistance or wrongful deprivation of appellate counsel." *See People v. Stultz*, 2 N.Y.3d 277, 281 (2004) (citing N.Y. Crim. Proc. Law § 450.90); *see also* Columbia Human Rights Law Review, *A Jailhouse Lawyer's Manual* 167 & n.263 (12th ed. 2020) ("If your [coram nobis motion] is denied, you may appeal that decision to the Court of Appeals." (citing *Stultz*, 2 N.Y.3d at 281–85)).

justice." *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 748–50 (1991)). But the Court need not engage in such an analysis here because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Aparicio*, 269 F.3d at 91 n.5 ("[The Antiterrorism and Effective Death Penalty Act of 1996] permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted."); *Abuzaid*, 726 F.3d at 321 ("[Section] 2254(b)(2) authorized federal courts to deny the petition, regardless of whether the applicant exhausted his state court remedies."). Petitioner does not object to Magistrate Judge Dancks's finding that his ineffective assistance of counsel claims fail on the merits. The Court therefore reviews that finding for clear error and, having found none, adopts the recommendation that Petitioner's request for habeas relief on the grounds of ineffective assistance of trial and appellate counsel be denied.

**B.    Actual Innocence**

Petitioner argues that he is entitled to habeas relief because he is actually innocent of the crimes for which he was convicted. (Dkt. No. 1, at 8.) Magistrate Judge Dancks found that, "[e]ven if a freestanding actual innocence claim were cognizable in a 28 U.S.C. § 2254 proceeding brought by a non-capital prisoner"—a question Magistrate Judge Dancks notes is not well settled—Petitioner has not met the standard for such a claim because Petitioner has not presented any new, reliable evidence but has instead presented only evidence already considered and evaluated by the jury, which "is exclusively responsible for determining the credibility of the witnesses and resolving any inconsistencies in their testimony." (Dkt. No. 14, at 16–18.) Magistrate Judge Dancks therefore recommended denying relief on this ground. (*Id.* at 18.) Petitioner appears to object to Magistrate Judge Dancks's recommendation by stating:

This Magistrate Judges Report and Recommendation was received and does not resolve clearly, pending factual disputes on the merits, and after the State Courts Tailoring a legal ruling after rec[a]ntation events took place to make out an actual innocence claim/issue. The issue of perjury and actual innocence was deleted and the Court focused on the Integrity of the Grand Jury Presentation. A hearing is required. . . . The Magistrate Judges Recommendation does nothing more than to rubberstamp the central the central, serious issue that was turned into a legal question[ ]by one lower court judges opinion. Moreover, the Appellate Counsel could not see his/her own legal issues and violations of law? Yet, decided to adapt the lower courts rulings concerning the Integrity of The Grand Jury, and not Perjur[]ed, Recantation Evidence, Newly Discovered, inter-alia.

(Dkt. No. 15, at 3–4.) Petitioner also states that "[t]his Court should look at the Sufficiency and Weight elements as the Recantation and Perjur[]ed statement's affects the sufficiency of the charges indicted[;] [t]he lower Court did not address the weight of evidence after the Sufficiency was lost by recantation of key witness evidence[.]" (*Id.* at 3.)[2] These nonspecific objections fail to identify any particular finding from the Report-Recommendation that Petitioner contends is erroneous and appear instead to be general objections to Magistrate Judge Dancks's conclusions and a rehashing of previous arguments, (Dkt. No. 13, at 1–3.). Accordingly, the Court reviews the findings only for clear error. *See Ortiz*, 558 F. Supp. 2d at 45. Having carefully reviewed Magistrate Judge Dancks's analysis and recommendation for clear error and having found none,

---

[2] To the extent Petitioner asserts new claims related to his prison sentence, (*id.* at 2), or involving unreasonable application of clearly established federal law or unreasonable determination of facts that were not raised in his petition, (*id.* at 3), the Court will not consider them because "in habeas cases, courts will not consider any claims raised by a petitioner in his objections which were not raised in the petition." *Tripp v. Superintendent*, No. 21-cv-406, 2023 WL 7383170, at *5, 2023 U.S. Dist. LEXIS 200353, at *9 (N.D.N.Y. Nov. 8, 2023) (collecting cases); *see also Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (citation omitted)); *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (citation omitted)).

the Court adopts the recommendation that Petitioner's request for habeas relief on the grounds of actual innocence be denied.[3]

### C.     Evidentiary Hearing

Petitioner also requests an evidentiary hearing, arguing that Magistrate Judge Dancks's Report-Recommendation "does not resolve clearly[] pending factual disputes on the merits," but Petitioner does not identify any specific factual disputes or identify specific factual bases of any of his claims. (Dkt. No. 15, at 3–4.)

"Federal courts sitting in habeas are not an alternative forum for trying facts . . . ." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Thus, in general, "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). However, the habeas court has limited discretion to conduct an evidentiary hearing. *See id.* at 185; 28 U.S.C. § 2254(e)(2). To be entitled to an evidentiary hearing on a factual basis not developed in state-court proceedings, a habeas petitioner must demonstrate, inter alia, that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* 28 U.S.C. § 2254(e)(2)(B).

Here, Petitioner has not met this standard because he has not identified any underlying factual dispute or the specific factual bases of any of his claims.[4] Thus, Petitioner has failed to

---

[3] Petitioner does not object to Magistrate Judge Dancks's findings or recommendation with respect to Petitioner's request for relief on the grounds of a defect in the indictment. Accordingly, the Court reviews the findings in the Report-Recommendation as to this claim for clear error, and, having carefully reviewed Magistrate Judge Dancks's analysis and recommendation for clear error and having found none, the Court adopts the recommendation that Petitioner's request for habeas relief on the grounds of a defect in the indictment be denied.

[4] Nor has Petitioner demonstrated that any of his claims relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," *see* 28 U.S.C. § 2254(e)(2)(A), or

demonstrate that facts underlying his claims would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offenses, and Petitioner is therefore not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *see also Colon v. Kersey*, No. 17-cv-4671, 2018 WL 6258572, at *3, 2018 U.S. Dist. LEXIS 202761, at *7 (S.D.N.Y. Nov. 29, 2018) ("[B]ecause Petitioner has not established his actual innocence by clear and convincing evidence, there is no basis for the evidentiary hearing Petitioner seeks." (citing *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013))); *Bethany v. Noeth*, No. 20-cv-6761, 2023 WL 3051248, at *9, 2023 U.S. Dist. LEXIS 71034, at *27 (W.D.N.Y. Apr. 24, 2023) ("As the Court previously discussed, [the petitioner's] unexhausted ineffectiveness claims . . . are based on conclusory and unsubstantiated allegations, which are insufficient to warrant habeas relief or an evidentiary hearing."). Accordingly, Petitioner's request for an evidentiary hearing is denied.

## IV.   CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 14), is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28

---

that the state court precluded him from developing the factual basis for his claims, *see Pinholster*, 563 U.S. 170, 213 n.5 (Sotomayer, J., dissenting).

U.S.C. § 2253(c)(2), and any further request for a COA must be addressed to the Court of

Appeals, *see* Fed. R. App. P. 22(b); and it is further

      **ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

      **IT IS SO ORDERED.**

Dated: <u>April 16, 2024</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge